## McALESTER TRUST CO. et al. v. FIRST NAT. BANK OF McALESTER (two cases).

Nos. 19506, 19507. Opinion Filed

March 10, 1931.

Erman S. Price and M. B. Cope, for plaintiffs in error.

E. S. Bessey, for defendant in error.

KORNEGAY, J. Case No. 19506 is a proceeding in error by the McAlester Trust Company of McAlester, Okla., and its liquidating agent, E. H. Kelley, and C. G. Shull, the Bank Commissioner of Oklahoma, against the First National Bank of McAlester, Okla.; and case No. 19507 is likewise a proceeding in error by the same parties, coming from the district court of Pittsburg county; Harve L. Melton, Judge.

The parties filed a stipulation as to the facts, and the same facts are involved in each of the cases, except that one represents the dealings of the First National Bank and the clearances between the First National

Bank and the McAlester Trust Company on one day, and the other on a different day.

The agreed statement of facts by the parties in one of the cases is here set out, and is as follows:

"(1) That the First National Bank of McAlester, Okla., is a banking corporation duly organized and existing under and by virtue of the laws of the United States, and is now and has at all times hereinafter mentioned engaged in transacting a general banking business at McAlester, Okla.

"(2) That the McAlester Trust Company is a corporation duly organized and existing under and by virtue of the laws of the state of Oklahoma, and on dates hereinafter set out was authorized to and was engaged in the transaction of a general banking business at McAlester, Pittsburg county, Okla.; that at the close of business of said bank on February 3, 1927, said bank became insolvent and upon due examination of the bank by the Bank Commissioner of the state of Oklahoma, same was adjudged to be insolvent and the assets thereof taken over by the Bank Commissioner of the state of Oklahoma for the purpose of liquidation.

"(3) That on February 1, 1927, your claimant had received in due course of its banking business for collection and remittance, numerous checks, drafts, and cash items drawn on the said McAlester Trust Company, from its correspondent banks and other sources; that on said date, February 1, 1927, your claimant, without knowledge of the insolvency of said McAlester Trust Company and before the same was declared insolvent, acting for and on behalf of the owners of said checks, drafts, and cash items aforesaid and as agents for the collection thereof. presented said items to the said McAlester Trust Company for payment; that on said date, February 1, 1927, the said McAlester Trust Company had in its possession certain checks, drafts, etc., for collection and remittance to its correspondent banks and others, which checks, drafts, etc., were drawn on the First National Bank of McAlester, Okla., claimant herein; that the claimant herein offset a like amount of items drawn on the McAlester Trust Company, and in payment of the said residue of said items, or attempted payment, the McAlester Trust Company issued its draft No. 25,999, dated February 1, 1927, payable to your claimant and drawn on the National Bank of Commerce, St. Louis, for the full amount of the said items, to wit, $1,295.00, and delivered the same to your claimant in payment or attempted payment thereof; that this was the usual and customary way of dealing by and between the claimant, First National Bank, and the said McAlester Trust Company.

"(4) That the drawers of each and all said checks, drafts, and cash items for which said draft No. 25,999 was issued and delivered to your claimant, had sufficient funds on hand to their credit in said bank to pay same and each and all of said items were then and there by said McAlester Trust Company stamped paid and charged against the account of said drawers of same in said bank and in payment therefor, or attempted payment, issued and delivered to your claimant herein said draft No. 25,999.

"(5) That at the time of the issuance and delivery of said draft No. 25,999 to your claimant herein for the said sum of $1,295.00, the said McAlester Trust Company had a deposit in the National Bank of Commerce of St. Louis, subject to its draft in the sum of $30,219.95; that the said McAlester Trust Company at the close of business, February 1, 1927, having credited the said National Bank of Commerce of St. Louis with all drafts drawn by it on said National Bank of Commerce of St. Louis, including the draft delivered to your claimant herein, had a net balance to its credit in said National Bank of Commerce of St. Louis in the sum of $27,064.98. That as at close of business February 3, 1927, and at the time the said McAlester Trust Company was declared insolvent, subject to its draft, in the sum of $11,429.68; that the said McAlester Trust Company at the close of business February 3, 1927, having credited the said National Bank of Commerce of St. Louis with all drafts drawn by it on said National Bank of Commerce of St. Louis, including the draft delivered to your claimant herein, had a net balance to its credit in said National Bank of Commerce of St. Louis, in the sum of $6,442.62.

"(6) That your claimant herein immediately upon receipt of said draft No. 25,999, forwarded same to the Commerce Trust Company at Kansas City, Mo., for collection and credit; that on presentation of same to the said National Bank of Commerce of St. Louis, Mo., for the payment, same was refused for the reason that the said McAlester Trust Company had been declared insolvent by the Bank Commissioner of the state of Oklahoma, and that said McAlester Trust Company, with all of its funds and assets, including the funds here claimed, had passed into the possession of the Bank Commissioner of the state of Oklahoma as an insolvent banking corporation for the purpose of liquidation, and that all of said funds have since been in charge of the Bank Commissioner, except such as have been distributed in the course of liquidation.

"(7) That on the day and at the time your claimant presented said checks, drafts and cash items to the said McAlester Trust Company, aggregating the said sum of $1,295.00, the said McAlester Trust Company had cash on hand in its safe and vault in excess of the sum of $68,622.38, and at all times thereafter until the said bank was tak-

en over by the Bank Commissioner of the state of Oklahoma, said bank had on hand in cash the sum of $45,691.40.

"(8) That said unpaid draft is payable to your claim herein and the items for which said draft was issued is in possession of the Bank Commissioner or his liquidating agent in charge of the said McAlester Trust Company, or have been delivered to the parties to whose account the items in question were charged, by said Bank Commissioner or his liquidating agent; that the owners of all of said items (or owners of the said claim constituted by said items), except $81.93, comprising the amount of said drafts, in the sum of $1,295.00, have transferred their interest in said drafts and their claim against the assets of said McAlester Trust Company by reason of the failure to pay said draft to your claimant herein, and have authorized your claimant to file this claim and prosecute the same to final conclusion; that each and all of said claims and items for which said draft was issued were in the custody and possession of your claimant herein and until the same were presented to and paid, or payment attempted, by the said McAlester Trust Company by the issuance and delivery of said draft; that your claimant for the purpose of this claim is the owner and holder of all of said claims aggregating the said sum of $1,213.07, and is authorized to make this claim.

"It is agreed that this claim is to be submitted to the above-named court for judicial determination on this agreed statement of facts, having the same force and effect as a hearing and determination based on evidence heard and considered in open court."

In both of these cases the lower court ordered the Bank Commissioner to make distribution on the theory that both of these claims were entitled to preference.

The case is here to determine whether or not the lower court did right in making these orders. We have carefully examined the stipulation of facts. We have examined all the authorities cited to sustain the action of the court below.

There is nothing in any of these cases that we have been cited to, or of which we are aware, that would make out of the claim of the solvent bank in this case against the insolvent bank one that would be entitled to a preference.

The cases have gone off generally upon one of two theories: First, an increase in the assets of the failed bank; second, a relation of principal and agent, the agent being the failed bank and not one holding the claim against the failed bank.

There is no claim here that the insolvent bank had anything for collection or remittance, or was the agent of anybody so far as transactions are developed in this agreed statement of facts. It is not claimed by anyone that in issuing its draft on its correspondent bank, the failed bank, the McAlester Trust Company, made an equitable assignment of the funds owing it by its correspondent bank.

No doubt a great many of the questions discussed in the briefs will arise if the First National Bank is called on to account for the proceeds of the checks, possession of which it parted with when it took a draft instead of cash in their payment. But that question is not before us now.

It follows that the action of the lower court in decreeing the claims of the First National Bank of McAlester to be entitled to a preference in the distribution of the assets must be reversed.

Both cases are reversed, therefore, with directions to the lower court to set aside its order requiring the Commissioner to pay claims as preferred claims.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CULLISON, J., absent and not participating.